## LANDMAN CORSI BALLAINE & FORD P.C.

A NEW YORK PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

| | | |
|---|---|---|
| 120 Broadway<br>13th Floor<br>New York, New York 10271<br>Tel: (212) 238-4800 | ONE GATEWAY CENTER<br>22ND FLOOR<br>NEWARK, NJ 07102<br>TELEPHONE (973) 623-2700<br>FACSIMILE (973) 623-4496<br>www.lcbf.com | One Penn Center<br>1617 JFK Boulevard, Suite 955<br>Philadelphia, PA 19103<br>Tel: (215) 561-8540 |

January 4, 2023

**BY ECF**
Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Bourouis v. Amtrak*
     Docket No. 1:22-cv-07661-BMC

Dear Judge Cogan:

  Defendants National Railroad Passenger Corp. d/b/a Amtrak and Jose Gonzales ("defendants") submit this letter in compliance with Your Honor's Individual Mandatory Requirements for Initial Status Conferences. Defendants have attempted to confer with plaintiff's counsel by telephone and email. To date, we have been unable to contact plaintiff's counsel. An amended letter will be sent to Your Honor once counsel are able to confer.

  The parties are scheduled to appear for an initial status conference before Your Honor on Tuesday, January 10, 2023 at 11:30 am.

### I. A Brief Description of the Case:

  This case arises out of a May 29, 2021 motor vehicle accident. Plaintiff, Said Bourouis, was driving near the intersection of Fresh Pond Road and Metropolitan Avenue in Queens, New York, when his vehicle came into contact with an Amtrak vehicle driven by Amtrak police officer Jose Gonzalez.

### II Jurisdiction:

  This Court has original jurisdiction over this action under the provisions of Title 28, U.S.C. §§ 1331 and 1349, because defendant Amtrak was created by an Act of Congress, 49 U.S.C. § 24101, et seq., and more than one-half its capital stock is owned by the United States. Accordingly,

**LANDMAN CORSI BALLAINE & FORD P.C.**

January 4, 2023
Page 2

this action was removed from New York State Supreme Court, County of Queens, where it was originally commenced.

### III.   Legal Basis for Claim:

To be amended by plaintiff prior to the conference.

### IV.   Legal Basis for Defense:

Defendants contend that plaintiff was comparatively and/or solely negligent in failing to yield to defendants' vehicle. Defendants further contend that plaintiff's injuries were not caused by this incident, and that plaintiff failed to suffer serious injury or sustain loss greater than basic economic loss under New York Insurance law. Defendants further rely upon the affirmative defenses pled in their Answer.

### V.   Contemplated Motions:

**Plaintiff:**   To be amended by plaintiff prior to the conference.

**Defendant:**   Defendants' contemplated motions currently include a potential motion for summary judgment pursuant to New York Insurance Law arguing that plaintiff did not suffer a serious injury and that plaintiff's claims must therefore be dismissed.

Respectfully Submitted,

/s/ Sameh Awad

CWM/sa

cc:   all counsel via ECF